NOT FOR PUBLICATION                                    (Doc. Nos. 24, 31, 32)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                        :
EDWIN L. PATILLO,                       :
                                        :
            Petitioner,              :       Civil No. 11-391 (RBK)
                                        :
            v.                       :       **OPINION**
                                        :
UNITED STATES OF AMERICA,               :
                                        :
            Respondent.              :
_____     :

**KUGLER**, United States District Judge:

      This matter comes before the Court on the motion of the United States of America ("Respondent" or "Government") to dismiss the petition filed pro se by Edwin L. Patillo ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Also pending before the Court are Petitioner's motion for this Court to take judicial notice of two letters from Petitioner's trial counsel, Doc. No. 31, and Petitioner's motion for an evidentiary hearing at which to present "the authentic photograph government exhibit 23," Doc. No. 32. For the reasons set forth below, the Court finds that Petitioner's claims do not provide a basis for granting federal habeas relief, and the Court accordingly grants the Government's motion to dismiss the petition. The Court declines to issue a certificate of appealability in this matter. Furthermore the Court grants Petitioner's request for judicial notice, and denies Petitioner's motion for an evidentiary hearing.

1

**I.     BACKGROUND**

On January 9, 2007, Petitioner was charged with one count of conspiracy to distribute and to possess with intent to distribute five or more grams of crack cocaine, and three counts of distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2.  Patillo Second Superseding Indictment, 06-cr-611, Doc. No. 41.[1]  Trial before a jury began on May 8, 2007, and resulted in Petitioner's conviction on May 11, 2007.

At trial, the Government presented ample evidence of Petitioner's guilt.  Specifically, the Government presented the testimony of an Atlantic City police officer who purchased crack cocaine from Petitioner while undercover.  United States v. Patillo, 403 Fed. Appx. 761, 764 (3d Cir. 2010).  The officer further testified that, in order to identify Petitioner, she used a police photograph, which this Court admitted into evidence at trial along with the narcotics Petitioner was accused of selling.  Id.  The officer also identified at trial that the individual in Government Exhibit 23—Petitioner—was the individual from whom she had purchased crack cocaine.  Moreover, "[t]he ACPD also had intelligence information that Patillo had assumed the identity of Leon Hopewell, who was a cab driver in Atlantic City."  Id.

Petitioner requested new counsel to represent him at sentencing, but the Court denied this request because, as explained infra, Petitioner had already been appointed six different attorneys to represent him.  Patillo, 403 Fed. Appx. at 764.  Petitioner chose to proceed at sentencing pro se, and this Court permitted such representation after engaging in colloquy with him.  Id.  The Court also retained Petitioner's trial counsel on "standby" at sentencing.  Id.  Petitioner's guideline sentence range was 360 to 1,440 months of imprisonment, with a statutory maximum

---

[1] The criminal matter underlying the instant petition for § 2255 relief bears the docket number 06-cr-611.  The § 2255 petition bears the docket number 11-cv-391; unless otherwise indicated, referenced documents may be found there.

sentence of 40 years for counts one and two, and 20 years for counts three and four.  Id.  Finding Petitioner's offense level to be 38, and his criminal history category to be V, this Court sentenced Petitioner to 360 months of imprisonment for counts one and two, and 240 months for counts three and four, all to be served concurrently.  Id.

Petitioner was appointed new counsel several times before he appeared before this Court at trial.  His initial attorney, Lisa Evans Lewis, was replaced by attorney Michael Riley on May 18, 2006.  Motion to Appoint New Counsel, 06-cr-611, Doc. No. 19.  On September 2, 2006, Petitioner moved for appointment of new counsel to replace Mr. Riley, claiming that Mr. Riley had given him "incorrect" and "misleading" advice to waive his right to a preliminary hearing.  Id.  On September 22, 2006, this Court appointed Michael William Kahn to represent Petitioner.  06-cr-611, Doc. No. 23.  Petitioner then moved to have Mr. Kahn removed as his counsel, because Petitioner had "lost confidence" in him after a meeting between Petitioner, defense counsel, the Assistant United States Attorney, and two agents from the Drug Enforcement Agency.  Motion to Appoint New Counsel, 06-cr-611, Doc. No. 28.  This Court granted Petitioner's motion, and appointed Richard Sparaco as his counsel on November 3, 2006, and then appointed Paul Sarmousakis on November 9, 2006.  On Mr. Patillo's request, Mr. Sarmousakis filed a motion to withdraw as Petitioner's counsel, because Petitioner insisted on not continuing the trial date, which had previously been set for one month after Mr. Sarmousakis's appointment as counsel.  Motion to Withdraw as Attorney, 06-cr-611, Doc. No. 33.  Although Mr. Sarmousakis explained that "no lawyer could obtain the documents and do the effective preparation necessary and be ready for a December trial," Petitioner requested that Mr. Sarmousakis withdraw.  Id.  This Court dismissed that motion and continued trial to January 23, 2007.  Nov. 22, 2006 Order, 06-cr-611, Doc. No. 35.  The trial was further continued and, on

January 25, 2007, this Court granted a subsequent motion by Mr. Sarmousakis to withdraw as counsel. Jan. 25, 2007 Order, 06-cr-611, Doc. No. 58. On January 31, 2007, this Court appointed Harold Shapiro to represent Petitioner, and Mr. Shapiro represented Petitioner at trial. 06-cr-611, Doc. No. 61.

A seventh attorney was appointed to represent Petitioner on his direct appeal to the Third Circuit. Gov't Br., 7. On December 9, 2011, this Court's judgment was affirmed. United States v. Patillo, 403 Fed. Appx. 761 (3d Cir. 2010).

Petitioner seeks habeas relief on the following four grounds: (1) whether trial counsel rendered ineffective assistance; (2) whether Petitioner's sentence was excessive; (3) whether the District Court abused its discretion by admitting a photograph (Government Exhibit 23 at trial); and (4) whether appellate counsel rendered ineffective assistance. Petitioner has also filed supplemental motions that address these issues, which the Court also considers herein.

## II. STANDARD

### A. Pro Se Pleadings

"A document filed pro se is to be liberally construed, . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks and citation omitted).

### B. Ineffective Assistance of Counsel

The right to effective assistance of counsel is guaranteed by the Sixth Amendment.[2] The standard for ineffective assistance of counsel was established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To

---

[2] The Sixth Amendment provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

prevail on a claim of ineffective assistance of counsel, a party must establish (1) deficiency of counsel's performance; and (2) prejudice caused by the deficiency. Id. at 687.

The first Strickland prong is an objective standard of "reasonableness under prevailing professional norms." Id. at 688. The Constitution requires a fair trial, not some higher quality of legal representation. See id. at 688-89. Thus, the standard is "highly deferential" and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. Only the most serious errors constitute deficient performance. Id. at 687 (describing errors "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment").

The second Strickland prong is a subjective, totality-of-the-circumstances analysis of whether counsel's conduct "actually had an adverse effect on the defense." Id. at 693. A speculative or hypothetical effect is not enough. Id. There must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Prejudice exists only when the defendant is denied a fair trial capable of producing a reliable result. Id. at 687.

The Supreme Court noted that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; see also United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989) ("An error by counsel, even if professionally unreasonable, does not warrant setting

5

aside the judgment of a criminal proceeding is the error had no effect on the judgment."). Therefore, failure to satisfy either prong of the Strickland analysis is grounds for dismissal.

**C. Section 2255 Challenges to Sentence**

A prisoner in federal custody may file a motion in the trial court challenging the validity of his sentence under 28 U.S.C. § 2255.  Morelli v. United States, 285 F. Supp. 2d 454, 458 (D.N.J. 2003).  Pursuant to 28 U.S.C. § 2255, a petitioner may move to vacate, set aside, or correct a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  To establish a right to habeas corpus relief, a petitioner must demonstrate "that the sentence suffers from a 'fundamental defect' causing 'a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'"  Morelli, 285 F. Supp. 2d at 458-59 (quoting United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989)).  Thus, Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.

**D. Government's Motion to Dismiss**

The Government's motion to dismiss is considered according to the standard set forth by Federal Rule of Civil Procedure 12(b)(6).  See Fed. R. Civ. P. 81(a)(4) (applying Federal Rules of Civil Procedure to "proceedings for habeas corpus . . . to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions").  In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), the reviewing court must consider a petitioner's allegations and all reasonable inferences drawn

therefrom in the light most favorable to the petitioner.  See Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  If, after considering the petitioner's allegations, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," the court may dismiss the § 2255 petition.  See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984).

### III.   DISCUSSION

**A. Ineffective Assistance of Trial Counsel**

Petitioner argues that trial counsel, Mr. Shapiro, "clearly rendered ineffective assistance by failing to utilize investigatory measures to authenticate (Gx23), Government Exhibit 23 ["Gov't Ex. 23"], pursuant to Fed. R. 901(a)(b)(1); 803(6); 902(11); and 902(12)."  Petition at 2. Petitioner argues, as he did on direct appeal, "that Gx23 did not exist at the ACPD when ACPD officer Alexis Smith claimed to have used Gx23 to identify the appellant as the person who sold drugs to her on July 24, 2003."  Id.  Petitioner acknowledges that the Third Circuit considered his challenge to the authenticity of Gov't Ex. 23, and affirmed this Court's decision to admit it.  Id. Petitioner indicates that he "conjoins his arguments presented to the Circuit Court within this Petition for this court's considerations."  Id.  Petitioner also requests that this Court judicially notice two letters by Mr. Shapiro, dated September 10, 2007 and February 8, 2008, concerning Gov't Ex. 23.  The Court judicially notices them, but notes that the letters present nothing that would change this Court's analysis.

The Third Circuit has held that "[o]nce a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255."  United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981).  As

7

Petitioner acknowledges, the admissibility of Gov't Ex. 23 was considered by the Third Circuit on direct appeal. The Court notes the Third Circuit's finding that "[t]he photograph was properly authenticated at trial," because "the Atlantic City police officer testified that she used the photograph to identify the Defendant as Edwin Patillo after she bought drugs from him while working undercover in July of 2003"—testimony that "suffices to establish that the evidence was what the government claimed," pursuant to Federal Rule of Evidence 901(b)(1). Patillo, 403 Fed. Appx. at 766. The Third Circuit indicates that, on appeal, "appellate counsel's investigation convincingly establishe[d] that the photograph was in existence in July of 2003 . . . ." Id. at n.1. Moreover, the Atlantic City police officer also verified at trial that the individual in the photograph was the one from whom she purchased crack cocaine from Patillo. Gov't Br., 11. Accordingly, this Court exercises its discretion to decline to reconsider the issue of the admissibility of Gov't Ex. 23.

As Petitioner has raised no other issues in support of his argument that trial counsel's assistance was ineffective, the Court finds that Petitioner has not shown deficient performance on the part of trial counsel that would be sufficient to support his claim that trial counsel was ineffective.

### B. Petitioner's Sentence

Petitioner further moves "to disqualify [his] two . . . state convictions as enhancements" to his sentence in the district court. Doc. No. 11. The Court notes that, although the state convictions were used to calculate Petitioner's criminal history category, Petitioner received no sentencing enhancements based upon those prior convictions. Presentence Report ("PSR") at ¶ 112 (noting no Chapter Four Enhancements). Petitioner indicates that the PSR prepared in advance of his sentencing listed a state conviction in 2008, which, Petitioner claims, "was in fact

8

conduct arising from the present case." Id.  Moreover, Petitioner states, his 1997 state conviction "also involved evidence which was part of the instant case"—namely, he states, the photograph admitted at trial as Government Exhibit 23.  Id.  Petitioner argues that the Sentencing Guidelines prohibit consideration of a defendant's prior criminal convictions arising out of the same conduct underlying the conviction for which the defendant is being sentenced.  Id.

For the purpose of computing a defendant's criminal history, "[t]he term 'prior sentence' means any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense."  U.S.S.G. § 4A1.2(a)(1).  Petitioner's 1997 and 2008 state convictions do not involve conduct that was "part of the instant offense."  Petitioner's 2008 state conviction was for "Use of Personal Identifying Information of Other"—specifically, for the theft of the identification materials of Leon Hopewell.  Gov't Br., 13.  Petitioner appears to argue that, because "testimony by the NJ Police" at Petitioner's criminal trial was presented concerning his 2008 state conviction, Petition at 4, the 2008 conviction constitutes conduct that was "part of the instant offense" under the Sentencing Guidelines, and should not have been used by this Court to calculate his criminal history.  However, Petitioner does not offer support for his contention that, where evidence used in a prior conviction has been used at trial to establish the then-defendant's guilt of an <u>unrelated</u> crime, that prior conviction becomes "part of" the offense proved at trial for sentencing purposes.  Certainly, Petitioner is correct that it was established at trial that Petitioner had assumed the identity of Leon Hopewell, whom local police and federal investigators had suspected of distributing crack cocaine, and it was further established that the target of the investigation was actually Petitioner, who had assumed Leon Hopewell's identity.  See Gov't Br., 1. However, Petitioner's conviction for identity theft was not "part of" the offense for which Petitioner was convicted in this Court.  "Conduct that is part of the instant offense means

conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)." Application Note 1 to U.S.S.G. § 4A1.2. The Sentencing Guidelines determine "Relevant Conduct" for the purposes of calculating criminal history "on the basis of the conduct and information specified in the respective guidelines." U.S.S.G. § 1B1.3(b). Nothing in the Guidelines suggests that assuming another individual's identity would be "relevant conduct" to the distribution of crack cocaine.

Likewise, the 1997 state conviction, from which case the Government obtained the photograph that became its Exhibit 23, did not involve "relevant conduct" that should not have been considered by this Court at sentencing. The 1997 state court conviction was the result of Petitioner's having pleaded guilty of theft, after having robbed a victim by grabbing his shirt and seizing two gold medallions. Gov't Br., 14; see also PSR at ¶ 136. The fact that the photograph used in Petitioner's trial was related to the 1997 proceedings does not make the 1997 theft conviction "part of" the distribution of crack cocaine conviction underlying the federal sentence Petitioner challenges here.

Petitioner also argues that his sentence was erroneously enhanced for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. Petitioner's PSR recommended a two-level enhancement for obstruction, since a recorded phone call showed that Petitioner "provided false information to a judge" when he "attempted to convince a woman (who clearly was not a relative) to falsely confirm, in a bail application before the Court, that she was his aunt . . . to use the woman's poor health to garner sympathy from the Court . . . ." PSR at ¶¶ 96a, 100. Petitioner contends that "no application was presented to any Judge with respect to deceptive measures," so the obstruction enhancement was improperly applied. Petition at 4. However, U.S.S.G. § 3C1.1 makes clear that the enhancement should be applied if "the defendant willfully obstructed or

impeded, <u>or attempted to obstruct or impede</u>, the administration of justice . . . ." (emphasis added).  Because Application Note 4(F) authorizes the enhancement for "providing materially false information to a judge," and the recording supplied by the Government showed that Petitioner did attempt to provide false information, this Court finds that the enhancement for obstruction of justice was properly applied.

Finally, Petitioner has also argued that this Court's sentence was improper because this Court "did not properly utilize the § 3553(a) factors when imposing [its] sentence."  Doc. No. 3 at 4.  Specifically, Petitioner argues that the Court should have considered that "the defendant had no father in the household," that he "suffered physical abuse by his mother" who had alcohol problems, and that he "was placed in numerous foster homes at an early age."  <u>Id.</u>  As the Government points out, these facts were included in Petitioner's Presentence Report ("PSR"), were considered by this Court, and were adopted at sentencing by this Court.  Gov't Br., 24; <u>see also</u> PSR at ¶¶ 170-71.  Moreover, the PSR also indicated that "[t]he probation officer has not identified any mitigating or aggravating circumstances concerning the offense or the offender which would warrant a departure from the guideline range." PSR, ¶ 199.  The Court finds that the fact that no downward departure from the sentencing guidelines was applied did not constitute a "fundamental defect" or "complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure," such that Petitioner's within-guidelines sentence should be vacated, set aside, or corrected.

### C. Ineffective Assistance of Appellate Counsel

Petitioner's appellate counsel, Harvey Meltzer, filed a motion to withdraw as counsel, pursuant to <u>Anders v. California</u>, 388 U.S. 924 (1967).  The Third Circuit found that appellate counsel's <u>Anders</u> brief "falls short" of establishing that three of the four issues Petitioner wished

11

to be raised on appeal were frivolous.  Patillo, 403 Fed. Appx. at 765.  Nevertheless, the Third Circuit independently found that Petitioner's direct appeal "does not present any non-frivolous issues," id. at 766, and the Third Circuit granted the Anders motion of Petitioner's appellate counsel.

Petitioner appears to argue that, because the Third Circuit concluded that the Anders brief was insufficient, "[t]he Circuit Court supports appellant's claims of ineffective assistance of appellate counsel." Petition at 3.  This argument fails.  This Court does not find that an inadequate Anders brief demonstrates ineffective assistance of counsel, because Petitioner has not shown (nor can he logically show) how appellate counsel's failure to submit a more adequate brief in support of his motion to withdraw as Petitioner's counsel could have prejudiced Petitioner's direct appeal.  This is all the more true give that, despite its finding that the Anders brief was inadequate, the Third Circuit granted appellate counsel's motion to withdraw and also agreed with appellate counsel that no non-frivolous grounds for Petitioner's appeal existed.

In addition, Petitioner argues that appellate counsel should have raised issues related to his sentencing.  Specifically, Petitioner argues that his 2008 state conviction for identity theft should not have been considered as part of his sentence.  For the same reasons explained in Section III.D supra, this Court finds that the 2008 conviction was properly considered because the conduct underlying the identity theft conviction was not "part of" the conduct for which Petitioner was sentenced in this Court.  Moreover, Petitioner argues that appellate counsel should have raised the issue that his obstruction of justice enhancement was unwarranted, which this Court also addresses in Section III.D supra.  Because those arguments are meritless, the Court finds that they fail to establish appellate counsel's deficient performance.  Moreover, the Court

finds that Petitioner was not prejudiced by this Court's failure to raise those arguments on appeal.

Finally, Petitioner argues that the attribution of 1,000 grams of cocaine base to Petitioner at sentencing was improper, see PSR at ¶ 95a, as "[t]here is absolutely no evidence to support relevant conduct by the petitioner, simply the petitioner was not said to have been apart [sic] of any drug transaction in 2004." In fact, a Government witness testified at trial that she was supplied by Petitioner with approximately $1,000 worth of crack cocaine weekly from January 2003 to January 2004, which the Probation Department calculated to equal approximately 28 grams per week. Gov't Br., 16. Thus the Probation Department concluded that Petitioner provided the witness with at least 20 grams of cocaine weekly over the course of at least 50 weeks, for a total of 1,000 grams. PSR at ¶¶ 95, 95a. Thus Petitioner's argument that no such evidence was presented at trial is frivolous. Moreover, Petitioner's argument that he had no involvement in drug transactions in 2004 is irrelevant, since the period for which the 1,000 gram quantity was calculated is 2003. Thus the Court finds no deficiency in performance as a result of appellate counsel's failure to raise this argument.

### D. Motion for Evidentiary Hearing

Petitioner has also moved for an evidentiary hearing on the issues raised in his petition. The Third Circuit has held that "when the files and records of the case are inconclusive as to whether the movant is entitled to relief," a district court must hold an evidentiary hearing. United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005). The threshold a habeas petitioner must meet is "reasonably low." Id. (internal quotation marks omitted). Moreover, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir.

1989). Nevertheless, where the district court finds that "the motion and files and records of the case show conclusively that the movant is not entitled to relief," no evidentiary hearing need be held. Booth, 432 F.3d at 546. In this case, the Court finds that record conclusively shows that Petitioner is not entitled to relief; accordingly, the Court declines to hold an evidentiary hearing.

### E. Certificate of Appealability

Finally, the Court must assess whether a Certificate of appealability should issue. A litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The Local Appellate Rules for the Third Circuit state:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue . . . . If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

L. App. R. 22.2.

A certificate of appealability shall not issue unless there is a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Petitioner's claims here are based on a purported denial of his Sixth Amendment right to effective counsel, and alleged sentencing errors by the Court. Based on the analysis above, the Court finds that Petitioner's claims are without merit. Reasonable jurists would agree that in each of Petitioner's claims of error, he either did not show that his counsel's actions were

unreasonable or he did not show that he suffered any prejudice.  Further, many of Petitioner's allegations are either unsupported or directly contradicted by the record.  Therefore, the Court declines to issue a certificate of appealability.

## IV.    CONCLUSION

For the foregoing reasons, the Government's motion to dismiss Mr. Patillo's Petition and its supplements is **GRANTED**.  Petitioner's request for judicial notice is **GRANTED**.  Petitioner's motion for an evidentiary hearing is **DENIED**.  A certificate of appealability shall not issue.


Date: 6/7/2012                                                          /s/ Robert B. Kugler
                                                                                 ROBERT B. KUGLER
                                                                                 United States District Judge